IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-104-FL

| | | |
|---|---|---|
| JAMES JACOBS and BARBRA STEPHENS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| JOHN W. DEES-DEES LAW FIRM, PATRICK PHILYAW-RALEIGH LAND & TIMBER ASSOCIATES; ROBERT E. BETHEA AND HENRIETTA BETHEA; WILLIAM C. DAUGHTRY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court upon defendant John W. Dees's ("Dees") motion to dismiss or for judgment on the pleadings, (DE 22), and upon plaintiffs' motions for default judgment and preliminary injunction. (DE 28, 30). The issues presented are ripe for ruling. For the reasons that follow, plaintiffs' motions are denied, and Dees's motion is granted in part, denied in part, and converted to a motion for summary judgment.

**BACKGROUND**

The court proceeds here immediately to discussion of issues pertinent to the pending motions where the case background is a matter of record.[1] Following extension of deadlines to make proof of service, (DE 17), plaintiffs lodged on the docket affidavits executed by plaintiff James Jacobs

---

[1] The court incorporates herein by reference "Background" set forth in prior order extending deadlines to effect service of process. (DE 17).

("James Jr."), which provide adequate evidence of service as to all defendants. (See DE 20). Following expiration of the deadline for responsive pleadings, with no such responsive pleadings having been received except with respect to defendant Dees,[2] the court, on plaintiffs' motion, directed the clerk to enter default against the non-responding defendants, (Aug. 24, 2017, Text Order; Nov. 6, 2017, Text Order), but denied plaintiffs' motions for default judgment where proceedings involving Dees remain ongoing and where claims against Dees are intertwined with claims against other defendants.

Following these procedures, defendant Dees filed the instant motion to dismiss or for judgment on the pleadings. (DE 22). Plaintiffs responded to the motion by way of two separate responsive memoranda. (DE 26, 31). Dees made no reply.

In addition, following defendant Dees's motion to dismiss, plaintiffs renewed previous motions for default judgment and moved for preliminary injunction by two separately-filed motions. (DE 28, 30). The latter filing restates the contentions set forth in the former filing in slightly different language, adds a sentence expanding upon the motion for preliminary injunction, which was referenced in the former motion only in its caption, and includes a certificate of service and proposed order, which documents were not integrated with the former motion. No defendant has responded to either motion for default judgment or preliminary injunction.

## STATEMENT OF THE ALLEGED FACTS

The facts alleged in the pleadings may be summarized as follows. Plaintiffs James Jr. and

---

[2] Of note, plaintiffs' reply to defendant Dees's answer includes a document addressed to plaintiffs, bearing a substantially complete rendering of the case caption, and apparently signed by defendants Robert Bethea, Henrietta Bethea, and William Daughtry, suggesting that these defendants received actual notice of the instant action. (DE 14-6 ("The above named defendant's [sic] do here by [sic] attest to the fact that they know absolutely nothing about the plaintiff's [sic] claims on civil action no. 5:17-CV-104-FL. Therefore we ask that our names be removed from this action.")).

Barbara Stephens ("Stephens") are brother and sister. (DE 10 ¶ 9). Plaintiff Stephens is also known as Barbara Ann Jacobs. (DE 14 ¶ 12). James R. Jacobs ("James Sr.") is the deceased husband of Erma Jo Jacobs ("Erma"). James Sr. and Erma are plaintiffs' parents. (DE 10 ¶ 12; DE 14 ¶ 33).

Defendant Philyaw approached Erma in 2002 offering to purchase timber on certain land in which plaintiffs also had an interest ("the subject property"), which offer was increased in scope so as to include the property itself. (DE 10 ¶ 16). Defendant Philyaw hired defendant Dees, an attorney, to represent him in this matter. (Id. ¶¶ 17, 18). Two deeds dated August 26, 2002 (the "August deed") and September 3, 2002 (the "September deed") were each filed simultaneously with the Cumberland County Register of Deeds on September 4, 2002, and purport to transfer ownership of the subject property to Raleigh Land & Timber Associates (the "2002 transaction"). (DE 1-1; DE 1-4).[3] At all times while Erma and Philyaw negotiated and executed the 2002 transaction, Erma suffered a cognitive impairment later diagnosed and dementia and Alzheimer's disease. (DE 10 ¶ 14).

The August and September deeds bear the signatures of Erma, James Sr. and plaintiff Stephens. (DE 1-1; DE 1-4). According to the complaint, plaintiffs and James Sr. were not alerted to the 2002 transaction when it took place. (DE 10 ¶ 33). Plaintiffs allege they first learned of the 2002 transaction in February, 2016. (DE 10 ¶ 28).

Plaintiffs complain also of the actions of the deceased non-party Victor Bose ("Bose"), a

---

[3] Plaintiffs' amended complaint makes reference to exhibits. (See e.g., DE 10 ¶ 10 (referencing "Exhibit (A)"). There are no exhibits attached to the amended complaint. (See DE 10). In response to defendant Dees' motion to dismiss, plaintiffs acknowledge that the documents referenced in the amended complaint are the exhibits as attached to the original complaint. (DE 26 at 3 ("The documents that are referenced in the memorandum to dismiss by the Defendant assumed to be part of the amended Complaint were in fact exhibits, of both complaints.")). Therefore, where said documents exist on the docket only as attached to the original complaint, citations to attachments to the original complaint reflect this circumstance.

notary. Although plaintiffs do not allege that signatures appearing on the August and September deeds are forgeries, plaintiffs allege that Bose participated in the scheme to effect the 2002 transaction by notarizing presence of plaintiff Stephens and James Sr. when those individuals were not in Bose's presence at time of signing. (DE 10 ¶¶ 22–24).

After the 2002 transaction, defendant Philyaw transferred the subject property to defendant Robert and Henrietta Bethea. (DE 14 ¶ 24). Plaintiff alleges that defendant Daughtry perpetrated some manner of foreclosure scam against plaintiffs unrelated to the facts at issue in this case except insofar as plaintiffs' investigation of that matter led them to discover the facts in issue here. (See DE 14 ¶ 28). Embedded in the amended complaint is a request to restrain George Autry and/or Farm and Land Realty, neither of which is a defendant, from conveying the subject property, now being offered for sale. (DE 10 ¶ 35).

Only defendant Dees has answered. (DE 12). In his answer he asserts, among other things, that only Erma and plaintiff Stephens owned the subject property at time of its transfer. (Id. at 3 ¶ 20). He attaches a deed identifying the two as receiving the subject property in February 1979 (the "1979 deed"), which deed was re-recorded to reflect the correct spelling of Erma's name. (DE 12-1; DE 12-2). The deed to Raleigh Land & Timber Associates references prior deed recorded in 1979, by book and page for further description. (DE 1-1 at 1 ("See Book 2706, Page 57, for chain of title.")).

By their reply,[4] plaintiffs' admit that the two deeds attached to defendant Dees's answer are authentic. (DE 14 at 6 ¶ 2 ("Plaintiffs agree that the two deeds mentioned by [Dees] were recorded as he mentioned.")). Moreover, plaintiffs allege that, "[t]he listing of added grantors came

---

[4] Ordinarily, a reply pleading is not allowed absent a court order. Fed. R. Civ. P. 7(a)(7). However, where plaintiffs' reply adds detail to certain matters, the court considers it herein as a proper pleading. Id.

4

afterwards[,]" which statement sounds as allegation that plaintiff James Jr. acquired an interest in the subject property after it was transferred to Erma and Stephens in 1979. (DE 14 at 6 ¶ 2). Indeed, the reply discloses that document attached thereto as exhibit A1, (DE 14-2), which document plaintiffs obtained from the Cumberland County Register of Deeds in Fayetteville, North Carolina, (DE 14 at 5 ¶ 29), is the touchstone of plaintiffs' contention that plaintiff James Jr. was a part owner of the subject property before 2002 (the "Cumberland County detail"). The Cumberland County detail reads as follows:



(  DE 14-2).

Plaintiffs' reply includes also a signed copy of the September deed with a handwritten note attached stating "copies for each family group[,]" (DE 14-4), and an unsigned document titled "Lien Waiver" with language constituting representation of Erma, James Sr., and Stephens, that the subject

5

property is free of any cloud on the title. (DE 14-5). The lien waiver includes two handwritten notes stating, "This lien waiver original & copy is just for your records. What we have already signed is good" and "You can sign this to match timber deed if you'd like. Our faxed lien waiver is good however." (Id.). Plaintiffs point to these notes as evidence that defendants Philyaw and Dees improperly "coached Erma [] by prompting her where and when to sign intended documents." (DE 14 at 4 ¶ 24).

Following discovery of the foregoing facts, plaintiffs initiated this action.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

In evaluating the complaint, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted

6

inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings, "[a]fter the pleadings are closed–but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). "The standard for Rule 12(c) motions is the same as applied to Rule 12(b)(6) motions, which should only be granted if, 'accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Priority Auto Grp., Inc., v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

Ordinarily, a court may not consider matters outside the pleadings without converting a Rule 12(b)(6) or 12(c) motion to a motion for summary judgment. Fed. R. Civ. P. 12(d). However, documents attached to the complaint and those incorporated in it by reference are deemed part of the pleadings and therefore may be considered without converting a Rule 12 motion. See Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004); Am. Chiropractic Ass'n v. Trigon

Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). Furthermore, when a document is attached to the motion to dismiss, "a court may consider it in determining whether to dismiss the [claim] if it was integral to and explicitly relied on in the [pleading] and if the [claimants] do not challenge its authenticity." Am. Chiropractic Ass'n, 367 F.3d at 234. If additional materials "outside the pleading[s]" are presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment[,] . . . [and] all parties must be given a reasonable opportunity to present all material that is pertinent to [such] motion [by Rule 56]." Fed. R. Civ. Pr. 12(d).

B.  Analysis

   1.  Particularity of Fraud Allegations

Defendant Dees argues, pursuant to Federal Rule of Civil Procedure 9(b), that plaintiffs' claim of fraud is pleaded with inadequate particularity. Rule 9(b) requires parties pleading fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a persons' mind may be alleged generally." Id. The Fourth Circuit has noted that such circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). A court should hesitate to dismiss a complaint under Rule 9(b) if the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and the plaintiff has substantial prediscovery evidence of those facts. Id. However, failure to meet the particularity rule may be cause for dismissal. United States *ex rel.* Goldstein v. Fabricare Draperies, Inc., 84 F. App'x 341, 344–45 (4th Cir. 2004).

Here, plaintiffs plead that defendants engaged in a scheme to transfer the subject property

without consent of plaintiff James Jr. knowing that such consent was required. Specifically, the pleadings allege that defendants Dees and Philyaw concealed the 2002 transaction from plaintiffs' view, which act of concealment caused those defendants to obtain title to the subject property. (DE 14 at 3 ¶ 21). As Rule 9 states, malice, intent, and knowledge may be alleged generally, and the pleadings allege generally defendants' knowledge of illegality of the 2002 transaction. (DE 10 ¶ 31). These allegations plead with requisite particularity the circumstances constituting fraud. Therefore, dismissal on the basis of Rule 9 is unwarranted. See Harrison, 176 F.3d at 784.

    2.    Statute of Limitations

Pursuant to N.C. Gen. Stat. § 1-15(a) "[c]ivil actions can only be commenced within the periods prescribed in this Chapter." The limitations period for a claim "[f]or relief on the ground of fraud or mistake" is three years. N.C. Gen. Stat. § 1-52(9). However, "the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Id. In North Carolina, "it is the accepted rule that knowledge by the defrauded person of facts which in the exercise of proper diligence would enable him to learn of the fraud ordinarily is equivalent to discovery of the fraud." Vail v. Vail, 233 N.C. 109, 116 (1951) (quotations omitted). Thus, "the cause of action shall be deemed to have accrued from the time the fraud was known or should have been discovered in the exercise of ordinary diligence." Moore v. Fidelity and Cas. Co. of N.Y., 207 N.C. 433, 433 (1934). Where it is "clear that there was both capacity and opportunity to discover the mistake" failure to exercise due diligence may be found as a matter of law. Huss v. Huss, 31 N.C. App. 463, 468, 230 S.E.2d 159, 163 (1976) (citing Moore, 177 S.E.2d at 408). The mere fact that a deed is registered does not give constructive notice of facts giving rise to an action for fraud based upon improper conduct embodied in the registered deed.

Elliott v. Goss, 250 N.C. 185, 187 (1959).

Here, documents submitted by plaintiffs, including the August and September deeds, bear the signature of plaintiff Stephens. (DE 1-1, 1-4, 1-5). Where these documents are attached to the complaint and incorporated therein, the court may consider them without converting the instant motion to one for summary judgment on the issue of defendant Dees's statute of limitations defense. See Pueschel, 369 F.3d at 353 n.3. Nothing in the pleadings alleges these signatures are forgeries. (DE 10 ¶¶ 1–35; DE 14 at 1–12). Therefore, where plaintiffs include the August and September deeds bearing Stephens's signature with the complaint, plaintiffs may be deemed to have admitted that Stephens was notified of the 2002 transaction at the time she signed the August and September deeds in 2002. Accordingly, plaintiffs cannot now be heard to contend that Stephens discovered facts giving rise to the alleged fraud in February 2016. Accordingly, Stephens's claim of fraud is time-barred and must be dismissed. See Vail, 233 N.C. at 116.

Defendant Dees argues that plaintiff James Jr.'s fraud claims similarly are time-barred. However, this argument fails where nothing in the pleadings demonstrates that plaintiff James Jr. should have discovered the 2002 transaction before February 2016. Although Dees argues generally that "[i]f the [p]laintiffs truly were two of the four owners of the [subject] property as they allege, they would have paid attention to their affairs[,]" this assertion merely charges plaintiff James Jr. with constructive knowledge of the state of the subject property based upon registration of the relevant deeds, which inference is prohibited under North Carolina law. See Elliott 250 N.C. at 187 ("[T]he mere registration of a deed, standing alone, will not be imputed for constructive notice.").

Similarly, Dees argues that where James Sr. apparently discovered the facts giving rise to this case in 2009, as evidenced in the facsimile transmission attached to Dees's answer, (DE 12-3),

any reasonable person would have made the same discovery. However this argument fails because where his signature also appears on the August and September deeds, James Sr. had actual notice of the 2002 transaction; thus, his awareness of the 2002 transaction does not establish that James Jr. should also have been aware of the 2002 transaction. Accordingly, Dees has not demonstrated at this juncture that plaintiff James Jr.'s claims are time-barred. See Vail, 233 N.C. at 116; Elliott 250 N.C. at 187. This determination is, of course, without prejudice to Dees's right to raise defense based upon the statute of limitations on summary judgment or at trial.

Under N.C. Gen. Stat. § 1-15(c), the statute of repose for actions alleging professional negligence provides, in relevant part, "in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action."

To the extent plaintiffs' complaint and reply may be construed to include a claim of professional negligence against defendant Dees, that claim is time-barred. In particular, viewed in the light most favorable to plaintiffs, the last act giving rise to a cause of action for professional negligence alleged in the complaint is wiring funds to Erma in connection with the 2002 transaction, which act defendant Dees alleges, and plaintiffs do not deny, was accomplished September 5, 2002. (DE 12 at 5 ¶ 4). Accordingly, under the statute of repose, the deadline for plaintiffs to file any claim of negligence arising out of the 2002 transaction was September 5, 2006. Therefore, any claims distinct from plaintiffs' allegations of fraud asserting professional negligence arising out of the 2002 transaction are time-barred and must be dismissed. See N.C. Gen. Stat. § 1-15(c).

3.     Plaintiff James Jr.'s Property Interest

Plaintiff James Jr.'s claim of fraud is premised upon allegation that defendants wrongfully appropriated his interest in the subject property by effecting transfer of the same without his

11

knowledge or consent. Where damages is an element of fraud, James Jr.'s theory is viable only if plaintiff James Jr. actually possessed an ownership interest in the subject property prior to the 2002 transaction. Jefferson Standard Life Ins. Co. v. Guliford Cty., 266 N.C. 441, 446 ([F]raud, to be actionable, must include . . . damage to the plaintiff.").

Grounded in documents submitted with his answer, defendant Dees has made a prima facie showing that plaintiff James Jr. never possessed any ownership interest in the subject property. Specifically, defendants proffer a deed executed in February 1979 that transferred title of the subject property to Erma and plaintiff Stephens. (DE 12-2). Plaintiffs, by contrast, have produced no transfer documents suggesting that Erma and Stephens transferred any ownership interest to plaintiff James Jr. prior to August 26, 2002. While plaintiffs proffer the Cumberland County detail, which lists James Jr.'s name alongside others in a record related to the 2002 transaction, that document does not suggest that James Jr. was an owner of the property; rather, it simply designates James Jr. as within "series 1" while providing no information as to the meaning of that designation. (DE 14-2).

Morever, even if categorization in "series 1" is interpreted to mean that the person so categorized is an owner of the listed property, a party does not establish the existence of a genuine dispute of material fact by citation to evidence that cannot be presented at trial in admissible form. Fed. R. Civ. P. 56(c)(1)(B). Under the "best evidence rule," ordinarily, "[a]n original writing, recording, or photograph is required in order to prove its contents unless [the Federal Rules of Evidence] or a federal statute provides otherwise." Fed. R. Evid. 1002. The only exceptions to this rule are where

> (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith;

(b) an original cannot be obtained by any available judicial process;
(c) the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or
(d) the writing, recording, or photograph is not closely related to a controlling issue.

Fed. R. Evid. 1004. "[T]he court determines whether the proponent has fulfilled the factual conditions for admitting other evidence of the content of a writing[.]" Fed. R. Evid. 1008.

In this instance, the Cumberland County detail plainly is not a deed or any form of contract sufficient to effect transfer of the subject property to James Jr. Rather, interpreted in the light most favorable to plaintiffs, it reports that some other document granted to James Jr. rights in the subject property that he did not acquire when the property was transferred to Erma and Stephens in 1979. Therefore, to establish his ownership interest in the subject property, plaintiff James Jr. must either produce that original document, such as a valid deed naming plaintiff James Jr. as "grantee" with respect to the subject property or a part thereof, or proffer sufficient evidence to support a finding that one of the exceptions to the best evidence rule applies. Fed. R. Evid. 1002, 1004. Absent this showing, plaintiffs will not have proffered sufficient evidence to rebut the prima facie case established by Dees that only Erma and Stephens were the true owners of the subject property prior to the 2002 transaction. Therefore, where defendant Dees's motion to dismiss or for judgment on the pleadings presents matters outside the pleadings, the court hereby converts said motion to one for summary judgment and gives notice it is considering entering summary judgment against plaintiff James Jr. on the grounds described above. Fed. R. Civ. P. 12(d).

    4.    Discovery

Federal Rule of Civil Procedure 56(d) contemplates a scenario in which non-movant on a motion for summary judgment "cannot present facts essential to justify its opposition[.]" Fed. R.

Civ. P. 56(d). Embedded within plaintiffs' duplicate renewed motions for default judgment, the court perceives argument to this effect. Specifically, with reference to defendants who have failed to appear, plaintiffs argue that "[w]ith an 80% failure to appear the evidence can't be gathered during the discovery phase of this suit." (DE 30 at 1). Elsewhere, plaintiffs contend that "the particularities come with a thorough investigation of the records that [d]efendant Dees should have on file pertaining to his clients [sic] purchasing the property from Erma Jacobs and Barbara Jacobs . . . . they have a wealth of knowledge that can bring a more detailed picture of events during the discovery phase of this suit." (DE 31 at 8).

In light of the court's decision to convert defendant Dees's pending motion to one for summary judgment, the court construes plaintiffs' arguments based upon Dees's alleged possession of documents pertinent to the case as a request for discovery under Rule 56(d) and grants the request on limited terms.[5] Specifically, within 21 days of the date of this order, defendant Dees shall either provide to plaintiff James Jr. copies of any discoverable material in Dees's possession that may suggest that James Jr. ever possessed a property interest in the subject property, or, if no such material exists, give verified notice to James Jr. of that determination by reasonable means such as letter by U.S. mail.

   5.   Motions for Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P 55(a). Where the

---

[5] Generally, a non-movant must support <u>by affidavit or declaration</u> any contention that it cannot present facts essential to justify its opposition to summary judgment. Fed. R. Civ. P. 56(d). However, with deference to Rule 1 of the Federal Rules of Civil Procedure, "to secure the just, speedy, and inexpensive determination of [the] action" the court dispenses with any requirement that plaintiffs justify their request for discovery by affidavit or declaration in this instance.

relief sought is not for a sum certain or a sum that can be made certain by computation, "the party [seeking judgment] must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Where a party fails to plead or otherwise defend, an opposing party is not entitled to default judgment automatically. Following application to the court for default judgment, "[t]he court may conduct hearings or make referrals . . . to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Id. (emphasis added). Moreover, "if the suit should be decided against the complainant on the merits, the [suit] will be dismissed as to all the defendants alike— the defaulter as well as the others." U. S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942, 944 (4th Cir. 1967) (citing Frow v. De La Vega, 82 U.S. 552, 554 (1972)).

Here, default judgment is unwarranted. Plaintiff Stephens's claims and plaintiff James Jr.'s claim of professional negligence are time-barred, and James Jr. has not demonstrated that he ever possessed any ownership interest in the subject property. Accordingly, neither plaintiff has established entitlement to relief against any defendant. Although the non-responding defendants have now forfeited their "standing in court and cannot participate in any subsequent trial of the claims against [them,]"[6] id., this aspect of the case posture does not absolve plaintiffs of their burden of proof. See id.

Plaintiffs argue they are entitled to default judgment because where four defendant have failed to appear, plaintiffs cannot obtain discovery needed to prove their case. This argument fails where the court has now authorized the relevant discovery. Therefore, plaintiffs' motions for default

---

[6] Even this observation is provisional. "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Therefore, it is no foregone conclusion that the defendants currently in default will not be permitted to participate in the case at a later time.

15

judgment, (DE 28, 30), are denied.

      6.      Motion for Preliminary Injunction

Plaintiffs seek a "temporary injunction," which the court construes as motion for preliminary injunction "to stop all sales or transfers of [the subject property]." (DE 30 at 1).

Rule 65 of the Federal Rules of Civil Procedure allows a court to enter preliminary injunctive relief prior to adjudication on the merits of the action. Fed. R. Civ. P. 65(a). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 375-76 (2008). To obtain a preliminary injunction, plaintiff must establish four requirements: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

In the instant matter, a preliminary injunction is unwarranted. Plaintiffs have not demonstrated likelihood of success on the merits where plaintiff Stephens' claims and plaintiff James Jr.'s claim of professional negligence are time-barred and where plaintiff James Jr. has not demonstrated any ownership interest in the subject property. Moreover, restricting alienability of the subject property through preliminary injunction would not serve the public interest. Accordingly, plaintiffs' motion for preliminary injunction, (DE 28, 30), is denied.

**CONCLUSION**

Plaintiffs motions for default judgment and preliminary injunction, (DE 28, 30) are DENIED. Defendant Dees's motion to dismiss or for judgment on the pleadings, (DE 22), is GRANTED IN PART AND DENIED IN PART. Claims asserted by plaintiff Stephens are DISMISSED WITH PREJUDICE. To the extent plaintiff James Jr. asserts a claim of professional negligence, the claim is DISMISSED WITH PREJUDICE. The court hereby provides NOTICE to the parties that it will treat defendant Dees's motion to dismiss or for judgment on the pleadings as one for summary judgment under Rule 56 on the issue of plaintiff James Jr.'s interest in the subject property. Defendant Dees is DIRECTED to serve upon plaintiff within **21 days** of the date of this order materials as described in section B.4 of this order. Plaintiff James Jr. is DIRECTED to file a brief in response to the motion for summary judgment no later than **February 4, 2018**, including as attachments any materials pertinent to the motion, such as documents or declarations made on personal knowledge, setting out facts that would be admissible in evidence. Defendant Dees is DIRECTED to file a reply within **14 days** of any response filed by plaintiff, which reply may also present any additional materials pertinent to the motion. Under the present circumstances, the court STAYS any requirement for the parties to file Local Rule 56.1 statements of facts or responses with respect to the instant motion.

SO ORDERED, this the 21st day of December, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge