IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-104-FL

| | | |
|---|---|---|
| JAMES JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN W. DEES-DEES LAW FIRM, | ) | |
| PATRICK PHILYAW-RALEIGH LAND | ) | |
| & TIMBER ASSOCIATES; ROBERT E. | ) | |
| BETHEA AND HENRIETTA BETHEA; | ) | |
| WILLIAM C. DAUGHTRY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant John W. Dees ("Dees") motion for summary judgment. (DE 22). The motion has been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons noted, the motion is granted.

## BACKGROUND

The full case background is a matter of record. Where plaintiff provided evidence of service against all defendants, and where only defendant Dees has appeared to defend the action, the court directed the clerk to enter default against the non-responding defendants. Thereafter, where defendant Dees's motion to dismiss relied upon matters outside the scope of the pleadings, the court converted that motion to one for summary judgment, pursuant to Federal Rule of Civil Procedure 12(d). Additionally, the court ordered limited discovery to facilitate plaintiff's access to documents which he alleged were in the possession of defendant Dees.

Plaintiff filed interlocutory appeal of this court's order converting Dees's motion and

dismissing claims of former plaintiff Barbara Stephens. While plaintiff's appeal was pending, Dees responded to this court's discovery order by affidavit, as required. Shortly thereafter, the court stayed motion briefing to allow plaintiff, who is proceeding pro se, to direct undivided attention to his appeal.

The Fourth Circuit dismissed the appeal for lack of jurisdiction, and, accordingly, this court lifted the stay. In light of evidentiary submissions following Rule 12(d) conversion, Dees's motion now rests upon the pleadings, documents attached to Dees's answer, and Dees's January 5, 2018, affidavit. In opposition, plaintiff relies upon the same evidence, and, in addition, a screen shot of an internet webpage titled "Consolidated Real Property Index (Land) Name Search."

## STATEMENT OF THE UNDISPUTED FACTS

The facts pertinent to the real property transaction at issue in this matter are undisputed and were summarized in prior order. For ease of reference, the court incorporates that summary, as follows:

> Plaintiff[] and [former plaintiff] Barbara Stephens ("Stephens") are brother and sister. (DE 10 ¶ 9). [] Stephens is also known as Barbara Ann Jacobs. (DE 14 ¶ 12). James R. Jacobs ("James Sr.") is the deceased husband of Erma Jo Jacobs ("Erma"). James Sr. and Erma are [the parents of James Jr. and Stephens]. (DE 10 ¶ 12; DE 14 ¶ 33).
>
> [Former] [d]efendant [Patrick] Philyaw approached Erma in 2002 offering to purchase timber on certain land . . . ("the subject property"), which offer was increased in scope so as to include the property itself. (DE 10 ¶ 16). [] Philyaw hired defendant Dees, an attorney, to represent him in this matter. (Id. ¶¶ 17, 18). Two deeds dated August 26, 2002 (the "August deed") and September 3, 2002 (the "September deed") were each filed simultaneously with the Cumberland County Register of Deeds on September 4, 2002, and purport to transfer ownership of the subject property to Raleigh Land & Timber Associates (the "2002 transaction"). (DE 1-1; DE 1-4). At all times while Erma and Philyaw negotiated and executed the 2002 transaction, Erma suffered a cognitive impairment later diagnosed and dementia and Alzheimer's disease. (DE 10 ¶ 14).
>
> The August and September deeds bear the signatures of Erma, James Sr. and [] Stephens. (DE 1-1; DE 1-4). According to the complaint, plaintiffs and James Sr. were not

alerted to the 2002 transaction when it took place. (DE 10 ¶ 33). Plaintiff[] [and Stephens] allege they first learned of the 2002 transaction in February, 2016. (DE 10 ¶ 28).

\* \* \*

After the 2002 transaction, defendant Philyaw transferred the subject property to defendants Robert and Henrietta Bethea. (DE 14 ¶ 24). Plaintiff alleges that defendant [William C.] Daughtry perpetrated some manner of foreclosure scam against plaintiffs unrelated to the facts at issue in this case except insofar as plaintiffs' investigation of that matter led them to discover the facts in issue here. (See DE 14 ¶ 28). Embedded in the amended complaint is a request to restrain George Autry and/or Farm and Land Realty, neither of which is a defendant, from conveying the subject property, now being offered for sale. (DE 10 ¶ 35).

Only defendant Dees has answered. (DE 12). In his answer he asserts, among other things, that only Erma and plaintiff Stephens owned the subject property at time of its transfer. (Id. at 3 ¶ 20). He attaches a deed identifying the two as receiving the subject property in February 1979 (the "1979 deed"), which deed was re-recorded to reflect the correct spelling of Erma's name. (DE 12-1; DE 12-2). The deed to Raleigh Land & Timber Associates references prior deed recorded in 1979, by book and page for further description. (DE 1-1 at 1 ("See Book 2706, Page 57, for chain of title.")).

By their reply [to Dees's answer], plaintiffs' admit that the two deeds attached to defendant Dees's answer are authentic. (DE 14 at 6 ¶ 2 ("Plaintiffs agree that the two deeds mentioned by [Dees] were recorded as he mentioned.")). Moreover, plaintiffs allege that, "[t]he listing of added grantors came afterwards[,]" which statement sounds as allegation that plaintiff James Jr. acquired an interest in the subject property after it was transferred to Erma and Stephens in 1979. (DE 14 at 6 ¶ 2). Indeed, the reply discloses that document attached thereto as exhibit A1, (DE 14-2), which document plaintiffs obtained from the Cumberland County Register of Deeds in Fayetteville, North Carolina, (DE 14 at 5 ¶ 29), is the touchstone of plaintiffs' contention that plaintiff James Jr. was a part owner of the subject property before 2002 (the "Cumberland County detail"). The Cumberland County detail reads as follows:

3

```
05/17/2015 05:57 AM                    Cumberland County                          1/1
                                            Detail

                        Consolidated Real Property Index (Land):01/03/1984 to 05/15/2015

         Instrument #   39105                        Book     05834
         Type           DEED                         Page     0245
         Recd Date      09/04/2002

         Description    TR BLACK RIVER TWP

    Series      Name
    1           JACOBS, BARBARA ANN
    1           JACOBS, ERMA JO
    1           JACOBS, JAMES
    1           JACOBS, JAMES R
    2           RALEIGH LAND & TIMBER ASSOCIATES         (A1)
```

(DE 33 at 2–5).

In connection with motion briefing following Rule 12(d) conversion of the instant motion, plaintiff attaches a documents, which is a screen shot of an internet webpage providing information similar to the foregoing Cumberland County Detail, which appears as follows:



(DE 40-1). Plaintiff describes this document as a copy of "the detail index documents that list [sic] James Jacobs Jr. as one of the four grantors . . ." (DE 40 ¶ 4).

Plaintiff attaches no deed or other document sufficient to convey real property that names him as grantee of the subject property. Pursuant to this court's order, defendant Dees lodged on the docket affidavit wherein he attests that, after search of his file regarding sale of the subject property "[t]here is absolutely nothing in [the] file or in [Dees's] possession to indicate that James Jacobs or James Jacobs, Jr. ever possessed a property interest in the subject property." (DE 35 ¶ 3).

5

# DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.      Analysis

As noted in prior order, by his production of the August and September deeds, defendant Dees has made a prima facie showing that plaintiff never possessed any ownership interest in the subject property. (See DE 33 at 12). Accordingly, where Dees has carried his burden "of informing the district court of the basis for its motion, and identifying those portions of [the record] which [he] believes demonstrate the absence of a genuine issue of material fact[,]" Celotex, 477 U.S. at 323, the burden now shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87.

Plaintiff fails to carry his burden. For reasons noted in prior order, the Cumberland County detail does not constitute proper evidence of plaintiff's ownership interest in the subject property. (DE 33 at 12–13). Plaintiff's screenshot of an internet webpage suffers the same deficiency where, on its face, the webpage lists plaintiff as "grantor" of property, rather than "grantee," and where that webpage is not the original transfer document and, thus, is insufficient to support a finding that

plaintiff ever owned the subject property.  See Fed. R. Evid. 1004.

In sum, all of plaintiff's claims rest on the premise that plaintiff, at one time, was an owner of the subject property.  The undisputed facts establish that this premise is false.  Therefore, summary judgment must issue as to all claims.

**CONCLUSION**

Defendant Dees's motion for summary judgment, (DE 22), is GRANTED.  Plaintiff's claims are DISMISSED.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge